IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KIMBERLY ANTHONY and MARK ANTHONY, | § § § | |
| Plaintiffs, | § § | |
| V. | § § | CIVIL ACTION NO. H-10-5091 |
| WELLS FARGO BANK, N.A., | § § § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Pending is Defendant's Motion for Summary Judgment (Document No. 18) and Defendant's Objections to and Motion to Strike Plaintiffs' Summary Judgment Evidence (Document No. 27). Having considered the motions, Plaintiffs' response to Defendant's Motion for Summary Judgment (Document No. 23), the evidence in the record, the Amended Affidavit of Plaintiff Mark Anthony (Document No. 23), and the applicable law, the Court ORDERS,[1] for the reasons set forth below, that Defendants' Objections to and Motion to Strike Plaintiffs' Summary Judgment Evidence (Document No. 27) and Defendant's Motion for Summary Judgment are both GRANTED.

**I.      Background and Procedural History**

Plaintiffs Kimberly and Mark Anthony ("the Anthonys") filed this suit in the 9th District Court of Montgomery County, Texas, seeking to prevent Defendant Wells Fargo Bank, N.A. ("Wells Fargo") from foreclosing on their residence at 23715 Forest Trail, Hockley, Texas 77447. The Anthonys alleged in their state court petition that Wells Fargo improperly foreclosed on their

---

[1] On April 26, 2011, pursuant to the parties' consent, this case was transferred by the District Judge to the undersigned Magistrate Judge for all further proceedings. *See* Document No. 9.

residence without providing them with proper notice and at a time when Wells Fargo was encouraging them to seek a loan modification. *See* Plaintiff's Original Petition, attached to Defendants' Notice of Removal (Document No. 1). Wells Fargo timely removed the case to this court on the basis of diversity jurisdiction. Thereafter, the Anthonys filed a Complaint, asserting therein three claims against Wells Fargo: (1) wrongful foreclosure; (2) fraud; and (3) negligence. Wells Fargo has moved for summary judgment on all three claims, arguing that there is no evidence to support the essential elements of any of the claims. The Anthonys have a filed a response and an affidavit in opposition.

## II.     Summary Judgment Standard

Rule 56(a) provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The moving party must initially "demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 106 S. Ct. 2548, 2553 (1986). Once the moving party meets its burden,[2] the burden shifts to the nonmovant, "who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists that summary judgment should not be granted." *Id.*; *see also Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials in a pleading, and unsubstantiated assertions that a fact

---

[2] Where "the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim." *Norwegian Bulk Transport A/S v. International Marine Terminals Partnership*, 520 F.3d 409, 412 (5th Cir. 2008).

issue exists will not suffice. *Celotex*, 106 S. Ct. at 2548. Instead, "the nonmoving party must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Morris*, 144 F.3d at 380.

In considering a motion for summary judgment, all reasonable inferences to be drawn from both the evidence and undisputed facts are be viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 106 S. Ct. 1348, 1356 (1986). "If the record, viewed in this light, could not lead a rational trier of fact to find" for the nonmovant, then summary judgment is proper. *Kelley v. Price- Macemon, Inc.*, 992 F.2d 1408, 1413 (5th Cir. 1993) (citing *Matsushita*, 106 S. Ct. at 1351). On the other hand, if "the factfinder could reasonably find in [the nonmovant's] favor, then summary judgment is improper." *Id.* Even if the standards of Rule 56 are met, a court has discretion to deny a motion for summary judgment if it believes that "the better course would be to proceed to a full trial." *Anderson*, 106 S. Ct. at 2513.

**III.   Discussion**

As an initial matter, Wells Fargo has filed Objections to and a Motion to Strike Plaintiffs' Summary Judgment Evidence (Document No. 27). In particular, Wells Fargo seeks to strike the following two statements from the Amended Affidavit of Plaintiff Mark Anthony (Document No. 23) on the basis that both statements are conclusory, lack foundation, and call for a legal conclusion:

"I was improperly foreclosed on."

"I was never properly served according to the Texas Rules of Civil Procedure."

Plaintiffs have not filed a response to Wells' Fargo's Motion to Strike.

Having considered the entirety of Plaintiff Mark Anthony's Amended Affidavit,[3] Wells Fargo's objections thereto, and Plaintiffs' failure to file a response to Wells Fargo's Motion to Strike, it is

ORDERED that Wells Fargo's objections to the Amended Affidavit of Mark Anthony are SUSTAINED, Wells Fargo's Motion to Strike (Document No. 27) is GRANTED, and the two statements set forth above are STRICKEN.

### A.   Wrongful Foreclosure Claim

The Anthonys' wrongful foreclosure claim is based on their allegations that a foreclosure sale took place despite their attempts to pursue a loan modification.  In addition, the Anthonys appear to allege that the foreclosure was defective because Plaintiff Kimberly Anthony was never given notice

---

[3] The entire contents of Plaintiff Mark Anthony's Amended Affidavit are as follows:

> My name is MARK ANTHONY and I am married to Kimberly Anthony.  I resided on the property located on 23715 Forest Trail Hockley Texas 77447.  I was improperly foreclosed on.  At some point, I fell behind on my mortgage payment and contacted Wells Fargo to work on a loan modification.  During the loan modification process, Wells Fargo allegedly accelerated on the property and foreclosed on the property.  This entire ordeal has been very disturbing and disrupted my home life.  My furniture and personal belongings were taken from my home without my consent and knowledge.  I arrived home from work to find my home completely empty.  I contacted the moving company and was told [I could] retrieve my items after paying Five Thousands [sic] Five Hundred Dollars ($5,500.00).  My entire life has been turned upside down and this entire ordeal could have been avoided had Wells Fargo given me and my spouse proper notification.
> I consider this foreclosure proceeding a nightmare.  I have been taken advantage of and treated unfairly.  I have never been given the opportunity to qualify for a modification.  My family and I have been deeply devastated by this foreclosure.  I was never properly served according to the Texas Rules of Civil Procedure and my home has been foreclosed and sold.  The information contained in the Response to Motion for Summary Judgment is true and correct.

(Document No. 23).

of the foreclosure sale. Wells Fargo maintains that summary judgment is warranted on the Anthonys' wrongful foreclosure claim because there is no evidence to support any of the essential elements of a wrongful foreclosure claim.

"The purpose of a wrongful foreclosure action is to protect mortgagors against those sales where, through mistake, fraud, or unfairness, the sale results in an inequitably low price." *In re Keener*, 268 B.R. 912, 921 (Bankr. N.D. Tex. 2001). In Texas, to prevail on a claim of wrongful foreclosure a plaintiff must prove: "(1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price." *Sauceda v. GMAC Mortgage Corp.*, 268 S.W.3d 135, 139 (Tex. App.–Corpus Christi 2008); *see also Sotelo v. Interstate Financial Corp.*, 224 S.W.3d 517, 523 (Tex. App.–El Paso 2007) ("The elements of wrongful foreclosure are (1) an irregularity at the sale; and (2) the irregularity contributed to an inadequate price."); *Pollett v. Aurora Loan Services*, 2011 WL 6412051 at *1 (5th Cir. 2011) (the elements of wrongful foreclosure are that the Plaintiff's "home sold for a grossly inadequate selling price and [ ] a causal connection between a defect in the foreclosure sale proceedings and the grossly inadequate selling price.").

Here, Wells Fargo has presented evidence, which the Anthonys have not challenged or controverted, that it was, as of February 27, 2009, the holder of the note on the property made the basis of this suit. *See* Affidavit of Matthew R. Overton, Exhibit A (Document No. 19), and Exhibit A-3 attached thereto. In addition, Wells Fargo has presented evidence that it sent the Anthonys notice of their default, notice of Wells Fargo's intent to accelerate, and notice of the judicial foreclosure proceedings in the 9th District Court of Montgomery County, Texas. Affidavit of

Matthew R. Overton, Exhibit A (Document No. 19), and Exhibits A-4, A-5, A-8, and A-9.[4] Finally, Wells Fargo has produced evidence that the foreclosure proceeding took place pursuant to an Order of the 9th District Court of Montgomery County, Texas, and that the sales price was adequate, being 94.5% of the appraised value of the property. Affidavit of Matthew R. Overton, Exhibit A (Document No. 19), and Exhibits A-9, A-11, and A-12, and B.

Plaintiffs, in response to Defendant's Motion for Summary Judgment, have not addressed or mentioned their wrongful foreclosure claim at all. In addition, to the extent the Amended Affidavit of Mark Anthony was intended to serve as evidence in support of Plaintiffs' wrongful foreclosure claim, the striking of the pertinent portions of Plaintiff Mark's Amended Affidavit leaves no evidence in support of that claim.

Given the absence of any summary judgment evidence to support the essential elements of the Anthony's wrongful foreclosure claim, summary judgment is warranted. *E.g. Sotelo*. 224 S.W.3d at 523 (granting summary judgment where plaintiff "did not produce any evidence of a fact issue in her claim for wrongful foreclosure").

---

[4] Under Texas law, notice is adequate when it is sent to the debtor's last known address by certified mail. TEX. PROP. CODE § 51.002(e) ("Service of a notice under this section by certified mail is complete when the notice is deposited in the United States mail, postage prepaid and addressed to the debtor at the debtor's last known address. The affidavit of a person knowledgeable of the facts to the effect that service was completed is prima facie evidence of service."). Notice need not have been received to be adequate. *See Cavil v. Trendmaker Homes, Inc.*, 2012 WL 170751 at *5 (S.D. Tex. 2012); *see also Bittinger v. Wells Fargo Bank, N.A.*, 2011 WL 5415664 at *9 (S.D. Tex. 2011) . Here, Wells Fargo's evidence shows that the notices were sent to the Anthonys by certified mail. The fact that the Anthonys did not accept the certified letters does not affect the adequacy of the notice.

### B.   Fraud Claim

In their fraud claim, the Anthonys allege that "WELLS FARGO NA representatives made a false representation to Plaintiffs with the intent that Plaintiffs rely upon the representation." Complaint (Document No. 4) at 3.  While the Anthonys do not state with any specificity what the misrepresentation was, they do allege that they were "advised to apply for [a] loan modification," they were "initially in the processes of making arrangements for the back payments on the back taxes and forced insurance," they "were told to allow the process to work," they "were steered in the direction of the modification by the Defendants," they "were waiting for the paperwork to be sent regarding the modification process," and they "were told by WELLS FARGO representatives on several occasions that it takes from 6-8 weeks."  Complaint (Document No. 4) at 2-3.

In response to Wells Fargo's Motion for Summary Judgment, Plaintiffs have not addressed or mentioned their fraud claim.  In addition, there is no summary judgment evidence to support any of the required elements of a fraud claim. *See Rio Grande Royalty Co., Inc. V. Energy Transfer Partners, L.P.*, 620 F.3d 465, 468 (5th Cir. 2010) (under Texas law, the elements of a claim of fraud by misrepresentation are: "(1) a misrepresentation that (2) the speaker knew to be false or made recklessly (3) with the intention to induce the plaintiff's reliance, followed by (4) actual and justifiable reliance (5) causing injury.").  Consequently, Wells Fargo is entitled to summary judgment on the Anthonys' fraud claim.

### C.   Negligence Claim

The Anthonys' negligence/negligent misrepresentation claim is based on their bald allegation that Wells Fargo "owed a legal duty to Plaintiffs" that Wells Fargo breached.  Complaint (Document No. 4) at 4.  The Anthonys do not allege in their Complaint what duty was owed by Wells Fargo or

how such duty was breached. In response to Wells Fargo's Motion for Summary Judgment, however, the Anthonys state that their negligence claim is based on Wells Fargo's "legal contractual duty to Plaintiff to service and maintain the Plaintiffs' account." Response (Document No. 23) at 7. Their negligent misrepresentation is based on Wells Fargo's improper acceleration of their note. *Id.* at 7-8

Wells Fargo argues, in its Motion for Summary Judgment and in its Reply to Plaintiffs' Response to its Motion for Summary Judgment (Document No. 26), that the Anthonys have no evidence to support a claim for negligence or negligent misrepresentation, and that a claim of negligent misrepresentation fails as a matter of law based on the "economic loss rule."

There is no summary judgment evidence to support a negligence claim. In particular, there is no evidence that Wells Fargo, as a mortgage holder or as a mortgage servicer, owed the Anthony's any duty, or that Wells Fargo, in connection with the foreclosure proceedings, breached any duty. *See Federal Deposit Ins. Corp. v. Coleman*, 795 S.W.2d 706, 709 (Tex. 1990) (holding that there is no special relationship or duty that arises from a relationship between a mortgagor and mortgagee).

In addition, there is no evidence to support a negligent misrepresentation claim. A claim of negligent misrepresentation requires proof that: "(1) the representation is made by a defendant in the course of his business, or in a transaction in which he has a pecuniary interest; (2) the defendant supplies 'false information' for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffers pecuniary loss by justifiably relying on the representation." *Fed. Land Bank Ass'n v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991). Here, there is no summary judgment evidence that Wells Fargo made any misrepresentation to the Anthonys of an existing fact. *See Scherer v. Angell*,

253 S.W.3d 777, 781 (Tex. App.–Amarillo 2007) (for a negligent misrepresentation claim, the false representation "must be a misstatement of an existing fact rather than a promise of future conduct"). While the Anthonys complain in this case about Wells Fargo's conduct in urging them to seek a loan modification, that conduct does not constitute a misstatement of an existing fact. *See Defranceschi v. Wells Fargo Bank, N.A.*, 2011 WL 3875338 at *6 (N.D. Tex. 2011) ("Defendants correctly argue that they alleged promise to modify the note and delay foreclosure in the future is not a statement of existing fact."). Moreover, as argued by Wells Fargo, the Anthonys' negligent misrepresentation claim fails under the economic loss rule which provides, "when a plaintiff alleges only an economic loss arising out of a contractual relationship between the parties, the plaintiff is precluded from proceeding under a negligence cause of action." *Sanghera v. Wells Fargo Bank, N.A.*, 2012 WL 555155 at *5 (N.D. Tex. 2012) (citing *Jim Walter Homes, Inc. v. Reed*, 711 S.W.2d 617, 618 (Tex. 1986)). Here, any complaints by the Anthonys about Wells Fargo's failure to forebear foreclosure or Wells Fargo's acceleration of the note relate to the parties' contractual relationship, and cannot, as a matter of law, form the basis of a negligence or negligent misrepresentation claim. *E.g., Sanghera*, 2012 WL 5551555 at *5-*6 (finding Plaintiff's claim of negligent misrepresentation, which was based on Defendant Wells Fargo's alleged promises that it would approve a loan modification and would not foreclose, "barred by the economic loss rule").

Because there is no summary judgment evidence to support either a negligence or negligent misrepresentation claim, and because a claim of negligent misrepresentation fails under the economic loss rule, Wells Fargo is entitled to summary judgment on the Anthonys' negligence/negligent misrepresentation claim.

## IV. Conclusion and Order

Based on the foregoing and the contents of Plaintiff Mark Anthony's Amended Affidavit, it is

ORDERED that Defendant's Objections to and Motion to Strike Plaintiffs' Summary Judgment Evidence (Document No. 27) is GRANTED. It is further

ORDERED that Defendant's Motion for Summary Judgment (Document No. 18) is GRANTED and Plaintiffs' claims are DISMISSED with prejudice.

Signed at Houston, Texas, this _____ day of March, 2012.

_____
FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KIMBERLY ANTHONY and MARK ANTHONY, <br><br> Plaintiffs, <br><br> V. <br><br> WELLS FARGO BANK, N.A., <br><br> Defendant. | § § § § § § § § § § § § § <br><br> CIVIL ACTION NO. H-10-5091 |

## FINAL JUDGMENT

Based on the Memorandum and Order entered this day granting Defendants' Motion for Summary Judgment, it is

ORDERED and ADJUDGED that Plaintiffs take nothing on the claim(s) set forth by them against Defendant, and such claims are DISMISSED on the merits

This is a FINAL JUDGMENT.

Signed at Houston, Texas, this 8th day of March, 2012.

Frances H. Stacy
United States Magistrate Judge